UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____–Civ

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.

    Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, ROCKHILL INSURANCE COMPANY, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446 - §1452, removes the case now pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *St. Louis Condominium Association, Inc. v. Rockhill Insurance Company,* Case No. 2018-006901 CA 01, and in support thereof states as follows:

1.    Plaintiff, ST. LOUIS CONDOMINIUM ASSOCIATION, INC., ("Plaintiff" or "St. Louis") instituted this first-party insurance coverage action against Defendant, ROCKHILL INSURANCE COMPANY ("Rockhill" or "Defendant'), in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2018-006901 CA 01, on or about March 5, 2018.  Defendant was served with the lawsuit on March 21, 2018.

2.    Plaintiff's current action is pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County. That court is within the Miami Division of

CASE NO. _____ - Civ

the United States District Court in and for the Southern District of Florida. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

3. At the time the action was commenced, at the present time, and at all times material to this action, Plaintiff has been a Florida not-for-profit corporation with its principal place of business in Miami-Dade County, Florida and is otherwise a citizen of the state of Florida for diversity purposes.

4. At the time the action was commenced, at the present time, and at all times material to this action, Rockhill has been an Arizona corporation with its principal place of business in Kansas City, Missouri. Therefore, Rockhill is a citizen of the states of Arizona and Missouri for diversity purposes.

5. At no time material to this action were Rockhill or Plaintiff citizens of the same state.

6. The amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and 00/100 Cents ($75,000.00). On February 13, 2018, the Public Adjuster for Plaintiff, Daniel Odess, of GlobalPro Recovery, Inc., submitted to Rockhill's Independent Adjuster, Stephen Pesak, a Sworn Statement in Proof of Loss dated February 7, 2018 (the "February 7, 2018 SSIPOL"), claiming damages of Sixteen Million, One Hundred Thirteen Thousand, Six-Hundred Forty-Eight Dollars and 88/100 Cents ($16,113,648.88) which recognized a deductible of Nine Hundred Forty-Five Thousand, Three Hundred Forty Two Dollars ($945,342.00), for a total amount claimed of Fifteen Million, One Hundred Sixty Eight Thousand, Three Hundred Six Dollars and 88/100 Cents ($15,168,306.88).[1] This figure represents the amount of Plaintiff's claim

---

[1] Rockhill disputes that Plaintiff sustained damages anywhere near this amount, if any at all. Furthermore, Rockhill asserts that the amount which Plaintiff seeks under the subject policy fails to account for any of

CASE NO. _____ - Civ

being submitted to Rockhill Insurance Company.[2]  *A copy of the February 7, 2018 SSIPOL is attached as* **Exhibit "1"**. *See also Affidavit of Stephen Pesak dated April 4, 2018 filed simultaneously in support of this Notice of Removal.*

7. Rockhill has thus established the amount in controversy exceeds $75,000.00 for purposes of jurisdiction pursuant to 28 U.S.C. §1332. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003).

8. This Notice of Removal is timely-filed, pursuant to 28. U.S.C. §1446(b), because Rockhill is removing within thirty (30) days of the March 21, 2018 date when it was served with the Complaint.

9. Accordingly, this action is removable because there is diversity of citizenship and the jurisdictional amount in controversy is satisfied.

10. Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

## **MEMORANDUM OF LAW**

Defendant seeks removal of the action pursuant to 28 U.S.C. §1332. The diversity of the parties is complete because Plaintiff, on one side, is a Florida corporation with its principal place of business in Florida. On the other side, Rockhill is an Arizona corporation with its principal place of business in Kansas City, Missouri. Therefore, diversity of citizenship between the parties is complete.

Furthermore, the preponderance of the evidence establishes that the amount in controversy is greater than Seventy-Five Thousand Dollars ($75,000.00), exclusive of

---

said policy's terms, conditions, exclusions, limitations or endorsements.
[2] The Complaint states at paragraph 1 that "This is an action for damages in excess of $15,000 exclusive of interest, costs and attorneys' fees."

3

interest, fees and costs. The February 7, 2018 SSIPOL establishes that Plaintiff seeks damages of Sixteen Million, One Hundred Thirteen Thousand, Six-Hundred Forty-Eight Dollars and 88/100 Cents ($16,113,648.88) minus a deductible of Nine Hundred Forty-Five Thousand, Three Hundred Forty-Two Dollars ($945,342.00), for a total amount claimed of Fifteen Million, One Hundred Sixty-Eight Thousand, Three Hundred Six Dollars and 88/100 Cents ($15,168,306.88). Sworn Statements in Proof of Loss, which insureds submit to their insurers in support of their claims, are consistently recognized as sufficient to satisfy a removing insurer's burden of establishing that the United States District Courts' jurisdictional minimum is satisfied. *See* **Exhibit "1"**.  *Carrion v. Liberty Mutual Fire Ins. Co.*, 2013 WL 12094850 (S.D. Fla. 2013)(claim estimate prepared by insured's public adjuster supported amount in controversy for removal purposes); *Gannon International, Ltd. v. United States Fire Ins. Co.*, 2011 WL 13100239 (S.D. Fla. 2011)(sworn statement in proof of loss provided by insured supported amount in controversy for removal purposes); *Dill v. State Farm Fire and Cas. Co.*, 2010 WL 547319 (E.D. Ok. 2010)(denying the insured's motion to remand based upon sworn statement of proof of loss estimating value of insurance claim in excess of jurisdictional minimum). Consequently, there is no question that the amount in controversy in this case has been satisfied.

  WHEREFORE, Defendant, ROCKHILL INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

        Respectfully submitted,

        LEVY LAW GROUP

         s/Lauren D. Levy
        LAUREN D. LEVY, ESQUIRE

CASE NO. _____ - Civ

Florida Bar No.:  0116490
3399 Ponce de Leon Blvd.
Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:    (305) 503-9295
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **April 6, 2018**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to: Helio De La Torre, Esq. and Susan C. Odess, Esq. (hdelatorre@srhl-law.com, sodess@srhl-law.com, dbrady@srhl-law.com and lbray@srhl-law.com), Siegfried, Rivera Hyman, Lerner, De La Torre, Mars & Sobel, P.A., 201 Alhambra Circle, Eleventh Floor, Coral Gables, Florida 33134, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

s/Lauren D. Levy
LAUREN D. LEVY, ESQUIRE