**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-21365-Civ-WILLIAMS/TORRES

ST. LOUIS CONDOMINIUM
ASSOCIATION INC.,

     Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

     Defendant.

_____/

<u>**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**</u>

This matter is before the Court on Rockhill Insurance Company's ("Defendant") motion for protective order against St. Louis Condominium Association, Inc. ("Plaintiff"). [D.E. 79]. Plaintiff responded to Defendant's motion on December 13, 2018 [D.E. 90] to which Defendant replied on December 20, 2018. [D.E. 95]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this action on March 5, 2018 in Florida state court and Defendant removed it on April 6, 2018 based on diversity jurisdiction. This case is a property insurance coverage dispute pursuant to an insurance policy that Defendant issued to Plaintiff. The policy relates to a property located at 800

Claughton Island Drive, Miami, Florida 33131 (the "Property") for the period of December 31, 2016 to December 31, 2017.  The policy provided insurance coverage in the amount of twenty million dollars.  Because of Hurricane Irma, Plaintiff alleges that that the Property sustained significant damage and that Defendant failed to cover the damages as required under the policy.

## II.    APPLICABLE PRINCIPLES AND LAW

"Rule 26(c) allows the issuance of a protective order if 'good cause' is shown. In addition to requiring good cause, this circuit has also required the district court to balance the interests of those requesting the order.  A 'district court must articulate its reasons for granting a protective order sufficient for appellate review.'" *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989) (citations omitted); *see also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) ("Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.") (citations omitted).

"A non-party seeking a protective order has the initial burden of showing that the information sought is confidential and that the disclosure of that information might be harmful.  Once the non-party has established both prongs, the party

seeking to compel the disclosure must show that the discovery sought is both relevant to the pending action and necessary." *Coty Inc. v. C Lenu, Inc.*, 2010 WL 5392887, at *3 (S.D. Fla. Dec. 22, 2010) (citing *American Standard, Inc. v. Humphrey,* 2007 WL 1186654, at *2–3 (M.D. Fla. Apr.19, 2007) (noting that "the party resisting discovery . . . has the burden to show that the information sought by [the p]laintiff is confidential and that disclosure would be harmful" and that "[o]nly after such a showing is made does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary.")) (citations omitted).

It is well settled that "[t]he litigant seeking the protective order must articulate the injury with specificity." *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999) (citations omitted*); see also United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (finding that a party seeking a protective order must show not just speculative harm but must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (citations omitted); *see also United States v. Dentsply Int'l, Inc.,* 187 F.R.D. at 158 ("'Broad allegations of harm, unsubstantiated by specific examples,' do not support a showing for good cause.") (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)).  "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection" because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v.*

*Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing *Cipollone*

*v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also Gen. Dynamics*

*Corp. v. Selb Mfg. Corp.,* 481 F.2d 1204, 1212 (8th Cir. 1973).

## III.   ANALYSIS

Defendant seeks a protective order with respect to a deposition that was

scheduled for November 30, 2018.  As background, on November 16, 2018, Plaintiff

served an amended notice of taking the deposition of Stephen Pesak ("Mr. Pesak")

on November 28, 2018 in New York City.  Defendant flew to New York City to

defend the deposition and appeared at 9:00 a.m.  When Defendant arrived, she

learned that the deposition had been cancelled.  Defendant claims that Plaintiff

served the notice of cancellation at 8:23 a.m. when Defendant was in route to the

deposition.  Defendant claims that – despite numerous emails and phone calls –

Plaintiff failed to provide any explanation for the cancellation of the deposition nor

did Plaintiff confirm that the deposition scheduled[1] two days later on November 30,

2018 in Tampa, Florida would proceed.  Defendant intended to fly directly to the

deposition from New York to Tampa, but Plaintiff failed to respond to any of

Defendant's inquiries.  Because Defendant did not want to assume the risk of

attending a deposition that may not take place, Defendant requests a protective

order so that the deposition be cancelled with no penalty to Defendant.

 Plaintiff's response is that, on November 27, 2018, Defendant served

Plaintiff the documents responsive to the subpoena directed at Mr. Pesak.  Upon

receipt of the documents, Plaintiff claims that it forwarded several emails to

---

[1]     The scheduled deposition was for one of Defendant's experts, Paul Millard.

Defendant because of various issues concerning the production. These emails allegedly went unanswered. After further review of the production, Plaintiff suspected that Defendant was improperly withholding an unspecified number of documents. Plaintiff therefore cancelled the deposition in New York City because there were only two hours remaining of deposition time and the Court strictly enforces the seven-hour limit under the Federal Rules. At 11:40 p.m. the night before the deposition, Plaintiff states that it sent an e-mail to Defendant advising counsel that the deposition had been cancelled and that a notice of cancellation would soon follow. As promised, Plaintiff served a notice of cancellation the following morning at 8:17 a.m.

After the deposition was cancelled – and without responding to the emails Plaintiff sent the prior day – Plaintiff claims that Defendant served a nineteen-page privilege log at 8:39 a.m., confirming Plaintiff's suspicions that documents had been withheld throughout the discovery process as a deliberate attempt to obstruct the deposition of Mr. Pesak. Shortly thereafter, on November 28, 2018, Plaintiff was in-flight from New York to Miami. During that time, Defendant cancelled the deposition in Tampa because Plaintiff failed to respond to Defendant's emails while on an airplane. Because Defendant's conduct was willful, unprofessional, and in violation of Rule 45, Plaintiff concludes that Defendant's motion should be denied, and that Defendant should be compelled to reimburse Plaintiff for any fees and costs associated with the preparation of its response.

After a thorough review of the arguments presented and the underlying communications between the parties, Defendant has set forth good cause for a protective order because the facts show that there was a level of uncertainty with respect to the deposition of Mr. Millard in Tampa, Florida. The uncertainty stems from Plaintiff's cancellation of the deposition of Mr. Pesak on November 28, 2018 in New York City after Defendant had already travelled to that location. When Plaintiff cancelled the deposition and Defendant could not reach Plaintiff on whether the deposition of Mr. Millard would move forward, it was reasonable for Defendant to conserve costs for a proceeding that might not occur. Plaintiff, on the other hand, suggests that Defendant failed to provide Plaintiff with enough time to confirm that Mr. Millard's deposition would go forward. But, Plaintiff overlooks the fact that it also failed to provide Defendant with sufficient notice that the prior deposition of Mr. Pesak would not take place. This means that, while Plaintiff complains that Defendant did not attend the deposition of Mr. Millard, Plaintiff was also a contributing factor for the deposition not occurring. Therefore, Defendant's motion for a protective order is **GRANTED**.

### *IV. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for a protective order is **GRANTED**. [D.E. 95].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge