UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21365-Civ-WILLIAMS/TORRES

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS**

This matter is before the Court on St. Louis Condominium Association, Inc's ("Plaintiff") omnibus motion for sanctions against Rockhill Insurance Company ("Defendant"). [D.E. 131]. Defendant responded to Plaintiff's motion on January 18, 2019 [D.E. 152] to which Plaintiff replied on January 25, 2019. [D.E. 157]. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

*I. APPLICABLE PRINCIPLES AND LAW*

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

1

    (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii)   striking pleadings in whole or in part;
    (iv)   staying further proceedings until the order is obeyed;
    (v)    dismissing the action or proceeding in whole or in part;
    (vi)   rendering a default judgment against the disobedient party; or
    (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In addition, Rule 37(d)(1) provides that the "court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for . . . deposition." Fed. R. Civ. P. 37(d)(1)(A). Sanctions for failure to appear at a duly noticed deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c); *see also* Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule

2

37. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). And a district court is authorized to dismiss a case for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).

## *II. ANALYSIS*

Plaintiff's motion raises twenty-one reasons[1] as to why Defendant should be sanctioned in this case, including Defendant's violations of various Court Orders to Defendant's failure to produce responsive documents. Plaintiff suggests that discovery has been irretrievably broken in this case and that Plaintiff's ability to prepare for trial has been destroyed. Because no other remedy will cure the harm and prejudice that Plaintiff has suffered, Plaintiff requests that the Court strike Defendant's pleadings and enter default judgment as to liability.

Plaintiff's first argument is that Defendant should be sanctioned because Defendant has willfully obstructed Plaintiff's ability to obtain discovery. Plaintiff argues, for example, that on July 26, 2018, Defendant served its objections to the deposition of Stephan Pesak ("Mr. Pesak"). Plaintiff claims that the objections violated the Court's Order on Discovery Procedures, the Local Rules, and Federal

---

[1] While Plaintiff raises twenty-one reasons in support of its motion, Plaintiff boils these issues down into five specific arguments. Therefore, we consider these arguments as encapsulating all the reasons as to why Defendant should be sanctioned.

3

Rule 45(e)(2)(A) because the objections were boilerplate and conclusory. Plaintiff also asserts that, on August 3, 2018, Defendant sent a letter to Mr. Pesak instructing him to not bring any records to a deposition in violation of a subpoena. After the Court enforced the subpoena and the deposition of Mr. Pesak was re-noticed on November 16, 2018, Plaintiff alleges that Defendant served the same boilerplate objections and produced documents on the eve of the deposition that were available as of August 17, 2018. Because Defendant stonewalled Plaintiff's ability to timely review these items in preparation for Mr. Pesak's deposition, Plaintiff concludes that Defendant's conduct is the epitome of gamesmanship and should be sanctioned accordingly.

Plaintiff's second argument is that Defendant blindsided Plaintiff when it failed to timely produce 1,500 pages of its privilege log in advance of Mr. Pesak's deposition. Plaintiff claims that it discovered Defendant's failure when the bates numbers on Defendant's documents jumped over a thousand pages with no explanation. Plaintiff insists that it had no choice but to cancel the deposition to preserve the time allotted under the Federal Rules and that Plaintiff was prejudiced in wasting time in preparation for a deposition that did not take place. Because Defendant's bad faith practices prevented Plaintiff's ability to conduct discovery, Plaintiff believes that sanctions are necessary.

Plaintiff's third argument is that Defendant's flagrant disregard for the Court's Orders is unacceptable and warrants a severe penalty. Plaintiff argues, for example, that the Court ordered Defendant to supplement all discovery on October

4

12, 2018 but that Defendant failed to comply. Plaintiff also maintains that Defendant's service of a nineteen-page privilege log is an example of bad faith behavior because it did not comply with the Court's directions and impeded the Court's review of an *in-camera* inspection. For these reasons, Plaintiff concludes that this provides another reason to sanction Defendant.

Plaintiff's final arguments are that discovery is broken and Defendant is untrustworthy. More specifically, Plaintiff alleges that Defendant has stonewalled the production of documents and failed to meet its obligations under the Federal Rules. Plaintiff suggests, for example, that Defendant has cherry picked records, failed to supplement the service of responsive documents, intentionally withheld damaging items, and engaged in a repeated pattern of contemptuous behavior. Therefore, Plaintiff contends that sanctions are necessary because Defendant's disobedience is willful and deliberate.

We agree with Plaintiff that this case contains an abundance of discovery issues. We do not agree, however, that Defendant should be sanctioned because many – if not all – of the disputes identified above were the creation of both parties. This means that, to the extent sanctions should be considered, sanctions would be applicable to both parties – not only Defendant. If the parties had cooperated from the beginning of this case, there would have been no need for an omnibus motion for sanctions or *seven* other independent motions for sanctions. Indeed, the undersigned has rarely encountered two parties who are more inclined to file motions for sanctions than to confer, find solutions to discovery conflicts, and seek

judicial relief when appropriate. Because both parties are at fault for the discovery issues in this case and neither has complied with the Federal or Local Rules, Plaintiff's omnibus motion for sanctions is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's omnibus motion for sanctions [D.E. 131] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge