UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:18-CV-21365-KMW

ST. LOUIS CONDOMINIUM
ASSOCIATION INC.

      Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 11, 2019 ORDER DENYING PLAINTIFF'S OMNIBUS MOTION FOR SANCTIONS**

Plaintiff, St. Louis Condominium Association, Inc. ("Plaintiff"), through undersigned counsel, and pursuant to 28 U.S.C. § 636(b)(1)(A), and Federal Rule of Civil Procedure 72(a), files Plaintiff's Motion for Reconsideration and rehearing of the Court's March 11, 2019 Order On Plaintiff's Omnibus Motion for Sanctions (the "Order") [D.E. 131], and in support thereof, states as follows:

**SUMMARY**

Defendant, Rockhill Insurance Company (the "Defendant"), has engaged in discovery abuse throughout this litigation. In an effort to prevent substantial prejudice, Plaintiff was regretfully obligated to file numerous motions for sanctions. *See* [D.E. 26, 57, 80, 83, 88, 89, 131]. In each of Plaintiff's motions for sanctions, Plaintiff outlined the egregious obstructionist behavior by the Defendant that has resulted in discovery being irretrievably broken. Unfortunately, despite a plethora of attempts to engage in fair discovery, and obtain relief for

1

Defendant's failure to reciprocate, Plaintiff has been denied relief that it rightfully deserves. As a result, Plaintiff has suffered immense prejudice, while the Defendant, the catalyst of Plaintiff's prejudice, has been allowed to skirt the rules of discovery without repercussion. This type of conduct runs afoul to the United States District Court for the Southern District of Florida's Order Setting Discovery Procedures and the purposes of discovery set forth in Fed. R. Civ. P. Rule 1. Thus, this Court should reconsider the Order.

I.    **FACTUAL BACKGROUND.**

Plaintiff is a thirty-one (31) story condominium building located at 800 Claughton Island Drive, Miami, Florida 33131 (the "Property"). The Property contains one hundred and thirty-four (134) condominium units on Brickell Key, an island just east of Downtown Miami. On September 10, 2017, the Plaintiff suffered catastrophic damage to its Property as the result of Hurricane Irma. After considerable delay and four (4) inspections by the Defendant over the course of five and a half months, the Plaintiff was forced to file a lawsuit for breach of contract as the Defendant never rendered a coverage decision or issued payment for covered damages to the Property.[1]

The basis of this Motion for Reconsideration is two-fold. First, Plaintiff is of the opinion that the Order is clearly erroneous or contrary to law because the striking of Defendant's pleadings, in light of the facts and circumstances, is warranted. Due to the clearly egregious behavior exhibited by Defendant throughout this litigation, the decision not to impose *any* form of sanction is clearly erroneous or contrary to law.

---

[1]    Rather than outline the facts in full in this Motion, should this Court wish to review each instance of Defendant's egregious conduct, Plaintiff refers this Court to [D.E. 26, 57, 80, 83, 88, 89, and 131]. The facts as outlined therein establish a clear record of delay and willful contempt by Defendant.

In addition, Plaintiff is of the opinion that the Order, coupled with the Court's decision to deem prior motions filed by Plaintiff [D.E. 80, 83, 88, and 89] as moot, is clearly erroneous and contrary to law as Plaintiff's prior motions were not duplicative of [D.E. 131], and the ultimate result fails to provide the Plaintiff any remedy for the prejudice it has faced, all while allowing Defendant to skirt the clear requirements set forth in the Federal Rules of Civil Procedure. Specifically, by denying each of Plaintiff's prior motions as moot without addressing the merits, and then denying Plaintiff's Omnibus Motion for Sanctions, the Court has effectively refused to consider Plaintiff's Motions, thus leaving Plaintiff without any relief to remedy the substantial prejudice it has suffered. To the extent that this Court does not agree that the striking of Defendant's pleadings is the appropriate remedy, this Court should address the issues raised in Plaintiff's previous motions for sanctions—which the Order failed to do—and consider the issues raised therein.

## II.    LEGAL STANDARD.

28 U.S.C. § 636(b)(A) provides that "a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(A). Federal Rule of Civil Procedure 72(a) allows a party to provide specific, written objections to a magistrate judge's non-dispositive order within 14 days after being served with a copy of the order. *See* Fed. R. Civ. P. 72(a). A district court must consider proper objections and "modify or set aside" any portion of the magistrate judge's order that "is clearly erroneous or is contrary to law." *See Carvelli v. Ocwen Financial Corporation,* No. 9:17-cv-80500-ROSENBERG/HOPKINS, 2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) (citing Fed. R. Civ. P. 72(a)).

When Fed. R. Civ. P. 72(a) applies, a court will consider whether any objected-to aspect of the order is clearly erroneous or contrary to law. *Id.* A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id. at* *2. (citing *Krys v. Lufthansa German Airlines,* 119 F.3d 1515, 1523 (11th Cir. 1997)). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. *Id.* (citing *Tolz v. Geico Gen. Ins. Co.,* No. 08-cv-80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010)).

**A.  Standard Applicable to Rule 37 Sanctions.**

A district Court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

    (i)    Directing that the matters embraced in the order or the other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)   Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)  Striking pleadings in whole or in part;

    (iv)  Staying further proceedings until the order is obeyed;

    (v)   Dismissing the action in whole or in part;

    (vi)  Rendering a default judgment against the disobedient party; or

    (vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

**B.  The Failure to Impose Sanctions Against Defendant Is Clearly Erroneous.**

A significant issue in this case is the date which work product attaches for Defendant, the insurer. Defendant has repeatedly argued that work-product began well before Defendant could have reasonably anticipated litigation. Thus, on November 5, 2018, in an effort to resolve this

issue, the Court ruled that Defendant was to submit all documents to the Court through the date litigation commenced for an in-camera inspection. To date, however, in direct violation of this Court's order, Defendant has withheld over 1500 pages that Plaintiff is aware of from the Court ordered In-Camera inspection. *See* [D.E. 131]. Despite the fact that Defendant was, and remains, in direct violation of a court order, this Court elected not to impose *any* sanctions. *See* [D.E. 180].

The fact of the matter is that Defendant has hid behind the inapplicable work product doctrine throughout this litigation in order to shield documents from discovery. This court attempted to finally resolve this issue, and Defendant's willful, deliberate and contumacious behavior has prevented this Court from doing so.  As a result, Plaintiff has suffered substantial prejudice, as Plaintiff has not been able to conduct discovery, depose material witnesses or experts with proper preparation and otherwise prepare for trial. Defendant's conduct throughout this litigation is worthy of *some* form of sanction, not a free-pass for engaging in discovery abuse that is the epitome of gamesmanship and strongly discouraged by the federal courts.

i.      **Defendant's Responses to Plaintiff's Motions for Sanctions Misled the Court.**

Each time the Plaintiff sought relief from this Court, the Defendant submitted a response that contained superfluous, unrelated information in an effort to deflect from addressing the pointed issue contained within the Plaintiff's Motions. Defendant's responses caused the Plaintiff to tread carefully so that the Court would not garner the opinion that Plaintiff was engaging in the same type of behavior as the Defendant. Nevertheless, the Order concluded that the disputes raised by Plaintiff were caused, in part, by Plaintiff's own acts. *See* [D.E. 180]. Plaintiff believes that this conclusion is not drawn from the facts of the case, but is instead the result in which Defendant hoped for when it continued to muddy the waters each time Plaintiff sought relief

from the Court.  Thus, in light of the fact that the discovery issues in this case arose solely from the actions of the Defendant, Plaintiff requests the Court to reconsider its Order as clearly erroneous.

### C.  This Court's Denial of Plaintiff's Prior Motions as Moot is Contrary to Law.

Plaintiff filed the following motions for sanctions:

1.   Motion for Sanctions for Defendant's Failure to Provide Verified Interrogatories, [D.E. 80];
2.   Motion for Sanctions for Defendant's Obstruction of Discovery and for Violation of this Court's Order, [D.E.83];
3.   Motion for Sanctions for Defendant's Failure to Proceed with the Subpoenaed Deposition of the Corporate Representative of GlobalPro Recovery, Inc, [D.E. 88]; and
4.   Motion for Sanction for Defendant's Failure to Appear at the Subpoenaed Deposition of Paul Millard and the Corporate Representative of Building Solutions & Consultants, [D.E. 89].

On February 13, 2019, this Court denied each of the above stated motions as moot in light of Plaintiff's Omnibus Motion for Sanctions. [D.E. 131]. The issues raised in the above stated motions, however, were not addressed in this Court's Order. *See* [D.E. 180]. For example, in [D.E. 80], Plaintiff requested this Court to sanction Defendant for its failure to provide verified answers to Plaintiff's First and Second Set of Interrogatories pursuant to Federal Rule of Evidence Rule 33(b)(3). Therein, Plaintiff stated that despite this Court requiring Defendant to provide responses, Defendant provided verified amended responses solely pertaining to Plaintiff's First Set of Interrogatories numbers 6, 7, 8, and 11, but the remainder were not similarly amended. In [D.E. 83], Plaintiff sought sanctions for Defendant's withholding of critical documents from Plaintiff and failing to put the omitted documents on a privilege log. Plaintiff also informed the Court even after the Court overruled Defendant's Objection to the Plaintiff's subpoena duces tecum to a non-party, that Defendant nevertheless thwarted Plaintiff's ability to timely obtain discoverable records.

Moreover, in [D.E. 88], Plaintiff sought sanctions against the Defendant because the Defendant failed to show up for a scheduled deposition in violation of Federal Rules of Civil Procedure 37(d)(1) and 45(d)(1). Finally, in [D.E. 89], Plaintiff sought sanctions against Defendant for its actions which impeded, delayed, and frustrated the fair examination of one of Defendant's experts in violation of Federal Rule of Civil Procedure 30(d)(2).

As stated above, each of these motions were denied as moot; however, the Order does not address any of the issues raised by Plaintiff, but instead denies Plaintiff's Omnibus Motion for Sanctions in one paragraph. The denial of Plaintiff's Omnibus Motion for Sanctions, and denial of all other motions, fails to relieve Plaintiff of the prejudice it has suffered—and continues to suffer—as a result of Defendant's conduct.

Accordingly, to the extent that this Court does not believe that the ultimate sanction of striking Defendant's pleadings is appropriate, the failure to provide *any* remedy to Plaintiff, in light of Defendant's egregious conduct and the prejudice suffered by Plaintiff, should be considered contrary to law or clearly erroneous. *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process.").

**WHEREFORE,** Plaintiff, St. Louis Condominium Association, Inc., respectfully requests that the Court enter an Order which (a) grants Plaintiff's Motion for Reconsideration of the Court's March 11, 2019 Order on Plaintiff's Omnibus Motion for Sanctions; (b) reverses the Order to the extent that it fails to impose any sanctions on Defendant for its repeated abuse of the discovery process; (c) alternatively, reverses the Court's Order denying [D.E. 80, 83, 88, and 89] as moot, and considers the motions on the merits; and (d) provides such further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff certifies that, in accordance with S.D. Fla. F.R. 7.1(a)(3) that they have made reasonable efforts to confer with counsel for defendant on the relief sought herein, including a telephone conference on March 25, 2019, but has been unable to do so.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic notification generated by CM/ECF system  on 25 day of March, 2019 to:  Lauren D. Levy, Esq., Levy Law Group, 3399 Ponce De Leon Blvd, Suite 202, Coral Gables, Florida 33134; lauren@levylawgroup.com; Lourdes@levylawgroup.com and Jocelyn@levylawgroup.com.

Respectfully submitted,

Siegfried Rivera, Attorneys at Law
*Attorneys for Plaintiff*
201 Alhambra Circle
Eleventh Floor
Coral Gables, Florida 33134
Telephone: (305)442-3334
Facsimile: (305) 443-3292
sodess@siegfriedrivera.com
dbrady@siegfriedrivera.com

By: /s/ Susan C. Odess
    Susan C. Odess
    Florida Bar No. 99077