**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-21365-Civ-WILLIAMS/TORRES

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

### ORDER ON DEFENDANT'S OMNIBUS MOTION FOR SANCTIONS

This matter is before the Court on Rockhill Insurance Company's ("Defendant") omnibus motion for sanctions against St. Louis Condominium Association, Inc. ("Plaintiff"). [D.E. 154]. Plaintiff responded to Defendant's motion on February 14, 2019 [D.E. 163] to which Defendant replied on February 21, 2019. [D.E. 172]. Therefore, Defendant's omnibus motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.

#### *I. APPLICABLE PRINCIPLES AND LAW*

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

1

    (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii)    striking pleadings in whole or in part;
    (iv)    staying further proceedings until the order is obeyed;
    (v)    dismissing the action or proceeding in whole or in part;
    (vi)    rendering a default judgment against the disobedient party; or
    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In addition, Rule 37(d)(1) provides that the "court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for . . . deposition." Fed. R. Civ. P. 37(d)(1)(A). Sanctions for failure to appear at a duly noticed deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c); *see also* Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule

37. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). And a district court is authorized to dismiss a case for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).

## II. ANALYSIS

Defendant's omnibus motion for sanctions contains four main arguments. First, Defendant argues that Plaintiff violated the Court's November 5, 2018 Discovery Order that required the parties to provide the complete files of all expert witnesses. Defendant claims that it incurred substantial costs and expenses in obtaining the complete files and did so just in time for a December 5, 2018 deposition. Second, Defendant contends that Plaintiff concealed the identity of a building engineer-maintenance supervisor, Yrell Curbello ("Mr. Curbello"), who provided material information to Plaintiff's experts – William Pyznar and Hector Torres. Defendant suggests that Plaintiff violated the Court's Scheduling Order because it requires the parties to furnish lists of names and addresses of fact witnesses on or before June 15, 2018 and to supplement that list within ten days of any new information. Defendant alleges that Plaintiff concealed Mr. Curbello's identity until three weeks *after* the discovery deadline in December 2018 and concludes that Plaintiff must be sanctioned accordingly.

3

Third, Defendant argues that Plaintiff failed to disclose the names of approximately forty-eight unit owners of the condominium complex until November 19, 2018 and that Plaintiff refused to narrow down the witnesses it intended to call at trial or provide deposition dates.  Defendant's final argument is that Plaintiff failed to produce Ms. Nickerson or Jack Erdozain for a deposition and that this was prejudicial because Plaintiff's experts relied on these witnesses in the creation of their expert reports.[1]

After a though review of the arguments presented and the exhibits attached in support thereof, Defendant's motion is denied for the same reasons presented in the denial of Plaintiff's omnibus motion of sanctions.  [D.E. 180].  That is, Defendant's motion is equally unpersuasive because there is fault on both sides for the discovery disputes in this case.  The discovery process requires parties to cooperate, find solutions, and only seek judicial relief when appropriate.  Yet, in this case, the parties have demonstrated that they are incapable of working together and rather seek to file motions for sanctions as opposed to working cooperatively.  Because both parties are at fault for the discovery issues in this case and neither has materially complied with the Federal or Local Rules, Defendant's omnibus motion for sanctions is **DENIED**.  [D.E. 154].

Defendant's motion is also unpersuasive because Defendant has now shown any prejudice for Plaintiff's alleged discovery violations.  Defendant argues, for example, that Plaintiff failed to disclose the names of forty-eight condominium

---

[1] Defendant maintains that Plaintiff engaged in bad faith conduct when it cancelled the deposition of Stephen Pesak and refused to confirm whether the deposition of Paul Millard would go forward.

4

owners in its initial disclosures. But, Plaintiff provided a list of these owners in response to Defendant's first request for production in January 2018 and Defendant had the benefit of inspecting the units before this lawsuit was filed. This means that, while Plaintiff may have technically failed to comply with the Federal Rules and amend its initial disclosures, Defendant has not been prejudiced. Accordingly, Defendant's motion is **DENIED** because there has been no showing that Defendant has been prejudiced.

### III. CONCLUSION

For the foregoing reasons, Defendant's omnibus motion for sanctions [D.E. 154] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of April, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge