UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21365-Civ-COOKE/TORRES

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR TAXABLE COSTS**

This matter is before the Court on St. Louis Condominium Association, Inc.'s ("Plaintiff") motion for taxable costs against Rockhill Insurance Company ("Defendant"). [D.E. 277]. Defendant responded to Plaintiff's motion on July 26, 2019 [D.E. 282] to which Plaintiff replied on August 2, 2019. [D.E. 283]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion should be **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND

Plaintiff filed this action on March 5, 2018 in Florida state court and Defendant removed it on April 6, 2018 based on diversity jurisdiction. This case is a

1

property insurance coverage dispute pursuant to an insurance policy that Defendant issued to Plaintiff. The policy relates to a property located at 800 Claughton Island Drive, Miami, Florida 33131 for the period of December 31, 2016 to December 31, 2017. The policy provided insurance coverage in the amount of twenty million dollars.

On September 10, 2017, Hurricane Irma made landfall in South Florida and caused damage to the property with wind gusts of up 109 mph in Pembroke Pines, Florida. Plaintiff reported to Defendant on September 13, 2017 that the property suffered damages. Defendant conducted an inspection of the property one week later and re-inspected the property on January 31, 2018. Plaintiff then submitted a proof of loss form on February 13, 2018 and Defendant sought additional items to make a coverage determination on February 20, 2018. Because Defendant failed to pay for repairs to the property within the time allotted under the policy agreement and Florida law, Plaintiff filed this action for breach of contract.

## II.  APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To

defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[1]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

---

[1] The following costs are permitted under 28 U.S.C. § 1920:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### III.   ANALYSIS

Plaintiff seeks a total cost award of $29,278.57. These costs include (1) $425.04 for filing costs, (2) $1,311 for the service of a summons and a subpoena, (3) $15,607.33 for transcripts, and (4) $11,935.20[2] for printing costs. There is no dispute that – after obtaining a jury verdict of approximately $3 million dollars – Plaintiff is the prevailing party in this action. In fact, Defendant's response is only aimed at costs for photocopying and hosting discovery data. Because there is no dispute that Plaintiff is entitled to all other costs totaling $17,470.87, we need only consider the costs in dispute.[3]

### A.   *Internal Printing Costs*

The first issue is whether Plaintiff is entitled to $10,597.35 in internal printing costs. Defendant takes issue with these costs because Plaintiff failed to explain why each page should be taxed. Defendant posits, for example, on whether the cost of $0.15 per page reflects an actual cost or whether it reflects the amount Plaintiff would have charged had it printed each page needed in this case. Defendant claims that Plaintiff should, at least, be required to explain its methodology and that, absent an appropriate explanation, these costs should be cut in their entirety (or reduced to $.07 per sheet).

---

[2]   This total includes $10,642.65 in internal copying costs, $127.50 in vendor copying costs, and $1,165.05 in discovery hosting costs.

[3]   While the Court will only discuss at length the costs that are in dispute, the Court has conducted an independent review under 28 U.S.C. § 1920 and agrees with the parties that the other costs are recoverable.

4

Under § 1920(4), photocopying "necessarily obtained for use in the case" is compensable. "However, costs of copies made for the mere convenience of counsel are not taxable." *Diaz v. AIG Mktg., Inc.*, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010). In making this determination, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O, Inc.,* 213 F.3d at 623. Although a prevailing party may not recover for general photocopying, *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir. 1996), photocopying costs "attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." *Dillon v. Axxsys Int'l, Inc.*, 2006 WL 3841809, at *7 (M.D. Fla. Dec. 19, 2006) (citation and quotation marks omitted). The burden of establishing entitlement to photocopying expenses lies with the prevailing party. *See Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co.,* 143 F.R.D. 292, 300 (N.D. Ga. 1991) (explaining that the party seeking to recover photocopy costs must come "forward with evidence showing the nature of the documents copied and how they were used"). However, this does not require an accounting for each photocopy because that would make it impossible economically to recover those expenses. *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991).

Here, we are unconvinced that Plaintiff is entitled to the full amount of copying costs requested because Plaintiff never articulates how each category of

5

documents were used or intended to be used. *See Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("The court did not err in disallowing the photocopying costs. Plaintiffs did not present required evidence regarding the documents copied including their use or intended use.") (citing *Helms v. Wal–Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)). Plaintiff merely claims that photocopies were necessary and that any detail required is included in the 120 pages of documentation submitted in support of the motion to tax costs.

Plaintiff's documentation is, in some respects, unhelpful because – while we do not require Plaintiff to articulate the specific reasons for each photocopy – Plaintiff must do more than direct the Court to 120 pages of invoices and then leave it to the Court to determine whether those costs are necessary. "The undersigned will not rummage further through the photocopying invoices . . . in an attempt to guess whether the copies were necessarily produced." *Perez v. Saks Fifth Ave., Inc.*, 2011 WL 13172510, at *10 (S.D. Fla. Feb. 14, 2011). Indeed, Plaintiff does not give much detail on either the categories of the documents photocopied, or the necessity of the copies. As such, Plaintiff's failure to meets its burden is a sufficient basis to deny all the costs requested. *See Perez*, 2011 WL 13172510, at *10 ("Defendant's conclusory claim that it was necessary to make copies of the documents is insufficient to permit recovery.") (citations omitted).

Although recovery could be denied in its entirety, some photocopies are obviously recoverable given the length of this litigation, the issues presented, and the

6

substantial amount of work completed. The only issue is the price per page. Defendant suggests that each page – irrespective of whether the page is black and white or color – should be taxed at $0.7 per page. Similar to our refusal to rummage through Plaintiff's invoices to determine the precise number of copies that were necessary, we decline to piece together the costs per page attributable to black and white copies versus color copies. With that being said, rates for black and white copies generally range between $0.10 and $0.25 per page. *See Procaps v. Patheon Inc.*, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) ("Rates between $0.10 and $0.25 per page are recoverable.") (citing *Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) ($0.25 per page); *Exime v. E.W. Ventures, Inc.*, 2009 WL 1759351, at *2 (S.D. Fla. June 18, 2009) ($0.19 per page); *Ferguson v. Bombadier Servs. Corp.*, 2007 WL 601921, at *7 (M.D. Fla. Feb. 21, 2007) ($0.10 to $0.15 per page)). And rates for color copies range as high as $1.25 per page. *See Curry v. Montgomery*, 2010 WL 883798, at *5-6 (S.D. Fla. Mar. 9, 2010).

Because $0.10 per page strikes an equitable balance for the copies requested – given the lack of information provided – Plaintiff should recover $7,064.90 in photocopying costs (70,649 pages multiplied by $.10 per page). *See George v. Fla. Dep't of Corr.*, 2008 WL 2571348, at *1 (S.D. Fla. May 23, 2008) (noting that rates from $.10 to $.14 have been deemed reasonable, but that rates from $.15 to $.19 cents per page have been found unnecessarily high without factual support for

the increased rate); *see also Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) (finding that a reasonable rate is between ten to fifteen cents per page); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (holding reasonable rate of ten cents per page for copying and that nineteen to fifteen cents per page as unnecessarily high without factual support for increased rate for higher in-house rate). Accordingly, Plaintiff's motion to tax costs should be **GRANTED in part** and **DENIED in part**.

### B. *Electronic Discovery Costs*

The final issue is whether Plaintiff is entitled to recover $1,165.05 in discovery hosting costs. Plaintiff claims that these services were provided from an outside vendor at a reasonable rate and that they were needed to manage 12.7 gigabytes of data so that Plaintiff could prepare and produce documents in response to Defendant's discovery requests. Defendant argues, however, that Plaintiff's request must be denied because it goes beyond the scope of § 1920.

The leading case on this issue is the Federal Circuit's decision in *CBT Flint partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013). In *CBT Flint*, the Federal Circuit considered an intellectual property dispute that was appealed from the Northern District of Georgia. The Court relied on Eleventh Circuit authority and discussed what is recoverable within the context of electronic discovery. Specifically, the Federal Circuit concluded that ancillary costs that are incurred leading up to the duplication of an electronic document are not recoverable:

8

> [R]ecoverable costs under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise.  To the extent that a party is obligated to produce (or obligated to accept) electronic documents in a particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as "the costs of making copies . . . necessarily obtained for use in the case."  28 U.S.C. § 1920(4). But only the costs of creating the produced duplicates are included, not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication.

*CBT Flint Partners*, 737 F.3d at 1328 (emphasis added).  The Federal Circuit also discussed the different stages of electronic discovery and the types of costs that are not recoverable.  The Court determined, for example, that costs for "source code planning," "source code discussion," and "source code briefing" are not recoverable because they are merely costs incurred in the *preparation* for copies – not the copies themselves.  *CBT Flint Partners*, 737 F.3d at 1330.

In light of these principles, Plaintiff's request for $1,165.05 falls short because "while the costs of digitizing paper documents and making duplicates of electronic documents are recoverable, many of the other costs associated with e-discovery (such as creating and maintaining a dynamic, indexed, and searchable database) are not recoverable." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *10 (M.D. Fla. Mar. 26, 2018), *Report and Recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018); *see also Procaps v. Patheon Inc.*, 2016 WL 411017, at *12-13 (S.D. Fla. Feb. 2, 2016) (concluding that costs incurred in preparing to copy and in "acquiring, installing and configuring a data-hosting server are not

9

recoverable."). Indeed, the Eleventh Circuit has explicitly stated that section 1920(4) "allows recovery only for the reasonable costs of actually duplicating documents, not for the cost of gathering those documents as a prelude to duplication." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 n.5 (5th Cir. 1982). And the United States Supreme Court has recently found that e-discovery expenses are not authorized under § 1920. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (Mar. 4, 2019). Accordingly, Plaintiff's motion for $1,165.05 in discovery hosting costs should be **DENIED**.

### C. *Interest*

Plaintiff's final request is for interest to accrue at the legally available rate as of the date of the Court's entry of final judgment. We agree with Plaintiff that "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Plaintiff should therefore be entitled to interest flowing from June 13, 2019, the date of the final judgment in this case.[4]

---

[4] The post-judgment interest rate is determined by "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

### *IV.   CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion for costs [D.E. 277] be **GRANTED in part** and **DENIED in part**:

A.   Plaintiff's motion for $10,597.35 in internal printing costs should be **GRANTED in part** and **DENIED in part**.  Plaintiff should recover $7,064.90 (70,649 pages multiplied by $.10 per page) in internal printing costs.

B.   Plaintiff's motion for $1,165.05 in discovery hosting costs should be **DENIED**.

C.   Plaintiff's motion for $17,470.87 in costs for filing this action, service of process, transcripts, and vendor copying costs should be **GRANTED**.

D.   A total cost judgment of $24,535.77 should be entered subject to interest at the legally available rate as of the date of the Court's entry of final judgment on June 13, 2019.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1;

11

*see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 7th day of August, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge