UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-21365-CIV-WILLIAMS

ST. LOUIS CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff St. Louis Condominium Association, Inc.'s motion for judgment as a matter of law. (DE 270). Defendant Rockhill Insurance Company filed a response (DE 273) and Plaintiff filed a reply (DE 275). For the reasons stated below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

On June 4, 2019, following a jury trial, the jury rendered a verdict in favor of Plaintiff awarding Plaintiff $3,673,303.67 in total damages, which was to be reduced by $359,578 for pre-existing damages. (DE 263). The Court entered final judgment in the amount of $2,368,383.67, deducting the jury's finding of pre-existing damages and the Court's determination of the deductible (DE 269). Plaintiff now moves for entry of judgment as a matter of law, requesting that the Court 1) strike the jury's finding of pre-existing damages, 2) exclude applicability of the deductible to the verdict, and 3) add pre-judgment interest from the date Defendant received notice of the claim.

Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law made pursuant to Rule 50(a) following entry of a jury verdict. Rule 50(b) provides, in pertinent part, as follows:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.**
> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

When considering a Rule 50(b) motion, the court must consider the evidence presented at trial, drawing all reasonable inferences in favor of the non-moving party. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (citing *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 148-151 (2000)). Plaintiff's motion should not be granted "if there was any legally sufficient basis for a reasonable jury to find in favor of" Defendant. *Marlite, Inc. v. Eckenrod*, 537 F. App'x 815, 816 (11th Cir. 2013) (internal quotations omitted).

First, Plaintiff argues that no legally sufficient evidentiary basis exists for a reasonable jury to find pre-existing damages not caused by Hurricane Irma. (DE 270). But Plaintiff acknowledges in its motion that witness Bert Davis provided testimony "to the effect that some of the 40 damaged windows he observed had balances or gaskets that were broken and may have deteriorated since original installation." (*Id.*). In its response, Defendant states that although it did not provide expert testimony as to the amount of Plaintiff's damages, it "challenged the basis for the estimate presented to the jury by Plaintiff's general contracting expert", Hector Torres. (DE 273). Defendant argues that the jury's finding of pre-existing damages coincides with an entry for waterproofing/ general

2

caulking of windows/ doors on a building restoration estimate prepared by Torres. The Parties dispute whether or not that amount is related to certain witness testimony and whether it is corroborated by other evidence. However, determining whether the amount constitutes the building's pre-existing damages based on the evidence presented is a function of the jury, not the Court. Drawing all reasonable inferences in favor of the nonmoving party, and in light of all the evidence presented at trial, the Court **DENIES** Plaintiff's motion to strike the jury's finding of pre-existing damages.

Plaintiff also moves to exclude application of the deductible to the verdict. (DE 270). According to Plaintiff, the insurance policy issued by Defendant violates Fla. Stat. § 627.701(2)(b) in specifying the deductible as a percentage rather than a specific amount. Fla. Stat. § 627.701(2)(b) provides, in pertinent part, as follows:

> Unless the office determines that the deductible provision is clear and unambiguous, a property insurer may not issue an insurance policy or contract covering real property in this state which contains a deductible provision that: . . .
>
> (b) States the deductible as a percentage rather than as a specific amount of money.

The insurance policy defines the hurricane deductible amount as "3% of total insured values per building, per calendar year, subject to a minimum of $25,000 per occurrence." (DE 270). Although the policy states the deductible as a percentage rather than as a specific amount, because the provision is clear and unambiguous, Plaintiff's argument falls short. Plaintiff acknowledges it does not have any authority for its proposition that the provision's language is ambiguous. Rather, Plaintiff's only basis to suggest that the provision is not clear is provided in a footnote stating that "given that there is only one building and the total insured value is shown as $31,511,400, the inclusion of 'buildings'

3

and a minimum of $25,000 render the deductible provision ambiguous, and therefore, unenforceable." (DE 270). Plaintiff's argument would have merit if the total insured value were disputed or unclear. However, as Plaintiff notes, the total insured value for the property insured by the policy is $31,511,400. Accordingly, 3% of that amount is $945,342, the deducible applied by the Court in this matter's final judgment. (DE 269). Therefore, the Court **DENIES** Plaintiff's motion to exclude application of the deductible to the verdict.

Finally, Plaintiff asserts that it is entitled to pre-judgment interest from the date Defendant received notice of the claim pursuant to Fla. Stat. §627.70131(5)(a). (DE 270). Defendant states in its response that Plaintiff's calculations are not based on the final judgment and it "reserves the right to challenge Plaintiff's entitlement to and the start date of any pre-judgment interest given Plaintiff's failure to provide any documentary evidence in support of its claim until January 4, 2019." (DE 273). Although the time for challenging Plaintiff's entitlement to any pre-judgment interest is in response to Plaintiff's motion, Defendant instead chose to address this issue in its response to a separate motion filed by Plaintiff to alter or amend the final judgment. (DE 274). Even there, the only authority Defendant cites to for the proposition that Plaintiff is not entitled to pre-judgment interest is Fla. Stat. § 626.913, "Surplus Lines Law; short title; purposes." (*Id.*). Essentially, Defendant argues that it is a surplus lines insurer and is therefore exempt from its pre-judgment interest requirements. Plaintiff argues in its Reply that Defendant "did not claim such status in any pleading, and certainly not in its Answer, Affirmative Defenses and Counterclaim." (DE 275). In fact, Defendant's fifteenth affirmative defense in its Answer stated: "[Defendant] asserts that the extent of Plaintiff's recovery of benefits under the

4

Policy, prejudgment interest and/or attorneys' fees, if any, should be reduced by Plaintiff's inequitable conduct and the doctrine of unclean hands." (DE 8). Defendant did not raise any affirmative defense related to its purported exemption for being a surplus lines insurer, nor did it raise the exemption in any other part of its answer in response to Plaintiff's claims. (*Id.*). Because the jury found that Plaintiff complied with its duties under the policy before filing the lawsuit, Plaintiff is entitled to pre-judgment interest even in accordance with Defendant's own affirmative defense. (DE 263).

Defendant also disputes the date pre-judgment interest would begin to accrue if awarded, but provides no authority to support the date it proposes. Accordingly, the Parties are directed to submit a proposed final judgment within five days incorporating the pre-judgment interest at the statutory rate authorized under Florida law in light of the Court's order denying Plaintiff's motion to exclude application of the deductible and denying Plaintiff's motion to strike the jury's finding of pre-existing damages. The Parties shall include citations discussing the appropriate date the pre-judgment interest shall begin to accrue, and shall provide calculations for those possible dates.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion (DE 270) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's motion to strike the jury's finding of pre-existing damages is **DENIED**.
2. Plaintiff's motion to exclude application of the deductible to the verdict is **DENIED**.
3. Plaintiff's motion to award pre-judgment interest is **GRANTED**.
4. The Parties shall submit a proposed final judgment as set forth above within five days of this Order.

6

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of August, 2019.

```
_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
```