UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21365-Civ-WILLIAMS/TORRES

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO POST A SUPERSEDEAS BOND**

This matter is before the Court on Rockhill Insurance Company's ("Defendant") motion to post a supersedeas bond and a stay of execution pending appeal. [D.E. 306]. St. Louis Condominium Association, Inc.'s ("Plaintiff") filed a response in opposition on October 18, 2019 [D.E. 313] to which Defendant replied on October 25, 2019. [D.E. 317]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action on March 5, 2018 in Florida state court and Defendant removed it on April 6, 2018 based on diversity jurisdiction. This case is a property insurance coverage dispute pursuant to an insurance policy that Defendant issued to Plaintiff. The policy relates to a property located at 800 Claughton Island Drive, Miami, Florida 33131 for the period of December 31, 2016 to December 31, 2017. The policy provided insurance coverage in the amount of twenty million dollars.

On September 10, 2017, Hurricane Irma made landfall in South Florida and caused damage to the property with wind gusts of up 109 mph in Pembroke Pines, Florida. Plaintiff reported to Defendant on September 13, 2017 that the property suffered damages. Defendant conducted an inspection of the property one week later and re-inspected the property on January 31, 2018. Plaintiff then submitted a proof of loss form on February 13, 2018 and Defendant sought additional items to make a coverage determination on February 20, 2018. Because Defendant failed to pay for repairs to the property within the time allotted under the policy agreement and Florida law, Plaintiff filed this action for breach of contract.

## II. ANALYSIS

A judgment of a United States District Court becomes enforceable thirty (30) days after the judgment is entered. *See* Fed. R. Civ. P. 62(a). Rule 62(b) provides, however, that "[a]t any time after judgment is entered, a party may obtain a stay by

providing a bond or other security." Fed. R. Civ. P. 62(b). That is, an appellant may obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond. The purpose of a supersedeas bond is to protect the appellees from a loss resulting from the stay of execution. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979); *see also Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (stating that the purpose of the supersedeas bond is to preserve the status quo and protect the rights of the non-appealing party during appeal).

On September 4, 2019, the Court entered an amended final judgment of $2,636,624.55 consisting of $2,368,383.67 from the initial final judgment, $243,715.11 in pre-judgment interest, and $24,525.77 in costs. Defendant requests that it be permitted to post a supersedeas bond with the Court in the amount of $2,900,287.00 [1] – an amount that is 110% of the amended final judgment. Defendant claims it is willing and able to post a bond of this amount within ten (10) days of the Court's Order and that this should provide security for Plaintiff against any risk that Defendant will be unable to meet its obligations pending appeal.

Plaintiff does not oppose the relief sought. Plaintiff argues, however, that the total amount of the bond should include the $743,086.04 that the undersigned included in a Report and Recommendation (the "R&R") on Plaintiff's motion for attorneys' fees. [D.E. 313]. Plaintiff also claims that Defendant must obtain an

---

[1]    Defendant miscalculated the amount in its motion as $2,639,077.13.

3

independent surety to safeguard Plaintiff against any potential loss while this case is on appeal. Accordingly, Plaintiff requests that, if the Court grants Defendant's motion, Defendant should be required to post a supersedeas bond in the amount of $3,717,681.65 and obtain an independent surety.

We need not resolve the question of whether Plaintiff must obtain an independent surety because – since the filing of Plaintiff's response – Defendant has agreed to use Western Surety Company as a surety that is not part of any company affiliated with Defendant. As for whether a supersedeas bond should include the amount included in the undersigned's R&R, Plaintiff's argument is misplaced. The undersigned entered the R&R on October 10, 2019 [D.E. 310] and Plaintiff filed objections on October 24, 2019. [D.E. 316]. Defendant has not yet had the opportunity to respond to the objections nor has the District Judge adopted the R&R or included it as part of an amended final judgment. A R&R is just that, a recommendation, from a Magistrate Judge to a District Judge. The District Judge then enters a final order, which approves and adopts or disapproves and rejects, in whole or in part, the Magistrate Judge's recommendation. Until the District Judge does so, the amount of the attorney fee award is merely a recommendation that should *not* be used in the calculation of the bond.

In light of that, there is no need to wait for final disposition of the R&R on Plaintiff's motion for attorneys' fees. When the Court makes a final decision on the motion for fees and includes it as part of an amended final judgment – Defendant (as

4

it has agreed to do) should amend the bond so that it continues to meet the 110% obligation as required under the Federal and Local Rules. Until that time arrives, however, Defendant should be entitled to a post a bond in the amount of $2,900,287.00 as 110% of the amended final judgment. We therefore conclude that Defendant's motion should be **GRANTED**, and that Defendant should be required to post a bond within seven (7) days from the date the District Judge adopts this R&R.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to post a supersedeas bond [D.E. 306] be **GRANTED**. Defendant should post an initial bond of $2,900,287.00 within seven (7) days from the date the District Judge adopts this R&R.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, good cause exists to file any written objections to this R&R, if any, with the District Judge by November 6, 2019. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

5

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 30th day of October, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge