UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-21365-CIV-WILLIAMS

ST. LOUIS CONDOMINIUM
ASSOCIATION, INC.,

                Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

                Defendant.

_____/

## ORDER

This matter is before the Court upon Plaintiff St. Louis Condominium Association, Inc.'s ("St. Louis") objections to the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Attorney's Fees. (DE 310, 316). The Defendant has filed a Response to the Plaintiff's Objections, and the Plaintiff has filed a Reply. (DE 316, 323). The Court has independently reviewed the Report, the record, and the applicable case law. For the reasons stated below, the undersigned AFFIRMS, in part, the Magistrate Judge's Report and Recommendation, MODIFIES the total sum of attorneys fees awarded, and awards the Plaintiff $762,541.59 in attorney's fees.

At the outset, the Court notes that this case has been mired in contentious disputes which likely could have been resolved with minimal Court involvement had the Parties handled this case in a more professional manner. The current dispute surrounding the Plaintiff's request for attorney's fees is no exception. In Plaintiff's Verified Motion, Plaintiff requests a total attorney fee award of $2,187,049.80, comprised of $1,093,524.90 from the loadstar calculation with a

contingency fee risk multiplier of 2.0. (DE 285 at 2-3).[1]  In the Report and Recommendation ("Report"), the Magistrate Judge denied the Plaintiff's request for a contingency fee risk multiplier, reduced the hourly rates for a number of attorneys and paralegals, and applied an across-the-board 10% reduction to hours that the Court found to be vague and/or block billed. (DE 310). With those adjustments, the Magistrate Judge recommended that the Plaintiff recover a total fee award of $743,086.04. (DE 310 at 21).

Plaintiff objects to the Report on three grounds.  First, St. Louis objects to the calculation of the reasonable number of hours expended to the extent that the Magistrate Judge took a reduction for "non-existent" supplemental time, and disallowed consideration of actual supplemental time billed. (DE 316 at 1). Second, St. Louis objects to the denial of Plaintiff's request for a contingency multiplier. Third, St. Louis objects to the reasonable hourly rates determined by the Magistrate Judge as applied to attorney Susan Odess and paralegal Engie Tapia. The undersigned addresses each of these objections, in turn.

A.   Reasonable Number of Hours

In its Motion, Plaintiff requested an award of fees in the amount of $1,068,549.60 for 2.925.81 hours spent by attorneys from the inception of the case until July 10, 2019, and for time spent by non-attorneys through July 11, 2019 (DE 285 at 3).  In addition, Plaintiff sought $24,975.30 in fees for 81.88 hours for "supplemental" work performed after those dates, for a total of $1,093,524.90 for all time spent.  In its Opposition, Defendant requested that the Court reduce Plaintiff's block billing and vague entries by 30%. Defendant submitted the Declaration

---

[1] The Loadstar calculation is the product of a reasonable hourly rate charged by counsel multiplied by a reasonable number of hours expended on a particular task performed in the case.

of Lauren D. Levy to support its request where specific billing entries were identified as being block billed, vague and/or duplicative. (DE 295-1 at 2-6).

As to the amount sought by the Plaintiff for 2,925.81 hours of work performed, the Magistrate Judge reduced the specific entries identified by Defendant by 10%, rather than the requested 30%. (DE 310 at 15). Thus, Ms. Odess', Mr. Sobel's and Mr. Eisig's hours were reduced by 50.5 hours, 1 hour and 1.5 hours, respectively. The Magistrate Judge also denied the Plaintiff's request for supplemental fees for attorney work performed after July 10, 2019, and for non-attorney work performed after July 11, 2019, in its entirety, because Plaintiff failed to present that request in a manageable or persuasive manner. (DE 310 at 21 n.5). The Magistrate Judge stated that Plaintiff could seek that amount in a supplemental fee request if it successfully defended the appeal of the judgment.

Plaintiff objects and contends that the Magistrate Judge improperly reduced the hours for block billing and/or vague time for the July 15, 2019 entries listed in the request for payment for 2,925.81 hours. (DE 310 at 13-15). Plaintiff explains that although that submission listed hours for Stuart Sobel, Susan Odess and Eyal Eisig for work performed on July 15, 2019, those sums were estimates and not actual billing entries. (DE 285-2 at 83). Plaintiff asserts that the actual billing entries for attorneys between July 10, 2019 through August 9, 2019 were submitted in a different exhibit attached to the Motion. (DE 285-8). Plaintiff thus argues that the Magistrate Judge improperly took a 10% reduction from the 2,925.81 hours for which Plaintiff did not seek compensation.

Plaintiff contends that this error was caused by Defendant's mistaken reliance on the draft motion for attorney's fees that had been provided to Defendant earlier, as well as,

3

Defendant's failure to properly review the billing entries submitted with the Verified Motion.
(DE 316 at 2-3). Defendant did not respond directly to this contention in its opposition.

After reviewing the Parties' submissions and the Plaintiff's attorney's billing records, it is
clear that both Parties contributed to any error in the Report's attorney fee calculation by failing
to provide a clear explanation of the sums at issue. Specifically, although Plaintiff states that it
did not seek to be compensated for the July 15, 2019, billing estimates, Plaintiff nonetheless
included those estimates in the billing records submitted to the Court for work performed from
the inception of the case until July 10, 2019. (285-2 at 83). If Plaintiff was not seeking to be
compensated for those estimates, Plaintiff could have simply omitted those hours from the
submission, as the hours for actual work performed were accounted for in another exhibit.[2] For
its part, Defendant further complicated the issue by objecting to those very hours as being block-
billed instead of recognizing that the actual time sought for those dates was contained in another
exhibit submitted with Plaintiff's Motion. But, like many other issues in this case, the Parties'
inability to communicate and confer in a meaningful way complicated what otherwise should
have been a straight-forward request for attorney's fees.

The Parties' behavior notwithstanding, because the Magistrate Judge denied an award for
any of supplemental hours sought by Plaintiff for attorney work performed on and after July 10,
2019, it was a miscalculation to also reduce hours billed on July 15, 2019, by 10% when those
hours were not included, although they were listed, as part of the initial request for
$1,068,549.60. Accordingly, Plaintiff will be awarded an additional $1187.50 in attorney's fees

---

[2] Further evidence of the Plaintiff's failure to clearly set forth the requested amount of attorney's
fees is found in the Affidavit of Stuart Sobel attached to the Motion which reflects that the
Plaintiff is seeking to recover $1,081,299.60 for 2,955.81 hours. (DE 285-1 at 5). The
Magistrate Judge properly relied on the amount requested in the Motion rather than the higher
amount set forth in the Affidavit, which included the estimates of time billed on July 15, 2019.

representing the restoration of 1 hour for Mr. Sobel at an hourly rate of $500.00 ($500.00), 1.5 hours for Mr. Eisig at an hourly rate of $350.00 ($525.00), and .5 hour for Ms. Odess for an hourly rate of $325.00 ($162.50).[3]

As to Plaintiff's request for supplemental fees for work performed after July 10, 2019, Plaintiff failed to provide a summary of the total number of hours billed by each attorney so that the Court could readily determine whether the number of hours requested was reasonable. It was not until after the Magistrate Judge denied Plaintiff's request for supplemental fees that Plaintiff, in its objections, provided a table summary of the total hours sought by each timekeeper. (DE 316 at 4-5). Equally unhelpful was the Defendant's failure to lodge specific objections to the supplemental submissions. Instead, Defendant objected to the entire number of hours being sought for supplemental time. (DE 320 at 3).

The Magistrate Judge's decision to deny Plaintiff an award of supplemental attorney's fees based on the manner in which that request was submitted to the Court was warranted. However, because Plaintiff has now provided a table summary to reflect the total time billed for each attorney, and Defendant has not raised any specific objections to those hours, the Court will grant Plaintiff an award for hours billed after the July 11, 2019 date. The requested amount will be reduced to reflect the hourly rate reduction for Ms. Odess and Ms. Tapia assessed by the Magistrate Judge, as discussed below.

B.    Contingency Fee Multiplier

Plaintiff next objects that the Magistrate Judge did not apply a contingency fee multiplier despite this being an unusually risky case because Plaintiff did not have the financial means to

---

[3] This calculation is based upon the reduced hourly rate for Ms. Odess of $325.00, as recommended in the Report.

hire counsel absent a contingency fee retainer. (DE 316 at 5).  Plaintiff asserts that because there was a $945,342.00 deductible, no recovery would be obtained by counsel unless damages exceeded that amount, and thus St. Louis would face difficulty retaining competent counsel in the relevant market absent a contingency fee multiplier.[4]

The Affidavit of Jeanna Knight, the Vice President of the Board of the St. Louis Condominium Association, which Plaintiff submitted in support of its request for a multiplier, states that prior to hiring its trial counsel, Plaintiff interviewed two other law firms in seeking to obtain representation on a contingency basis. (DE 285-6 at 3).  The Affidavit does not state that those firms or any other firms would not take the case absent a contingent fee multiplier. Similarly, the Affidavit of Robert P. Frankel, also submitted by Plaintiff, states in a conclusory fashion that a contingency fee multiplier was necessary to obtain competent counsel in a case like this, and cites to the statement of Jeanna Knight regarding St. Louis's financial situation and its inability to afford representation absent a contingency fee with the possibility of the application of a contingency fee multiplier. (DE 285-9 at 14).

Based on this record, the Court finds that Plaintiff's objections are without merit.  The Magistrate Judge properly examined the factors set forth in *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990), and correctly concluded that there was no persuasive showing that Plaintiff would have had substantial difficulty in obtaining competent counsel without a fee multiplier.[5]  The Magistrate Judge noted that the Affidavits submitted by

---

[4] Plaintiff also contends that Defendant's zealous litigation tactics added to the difficulty in retaining competent counsel for this case. However, it is unclear how the Defendant's tactics during the litigation impacted the Plaintiff's ability to retain competent counsel at the inception of the case.

[5] Florida courts consider three factors in determining the necessity of a contingency fee multiplier: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any

Plaintiff provided no tangible evidence to support the conclusions asserted and the undersigned agrees. *See, e.g., Venture Investment Properties, LLC v. Scottsdale Ins.*, Case No. 3:14-CV-1536-J-34PDB, 2017 WL 3822101, *11 (M.D. Fla. Aug. 8, 2017) ("[the fee expert] opines risk-enhancement was necessary to attract counsel specializing in the representation of insured in first-party insurance disputes but offers nothing other than a conclusory suggestion that no competent. . .counsel would have represented the plaintiff . . .in this action. . .without risk enhancement.").[6]

Plaintiff cites *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 2d 1122 (Fla. 2017), to argue that Florida law does not require evidence of other counsel's refusal of representation to establish the relevant market required for a contingency fee multiplier. However, Plaintiff's reliance on *Joyce* is misplaced. In *Joyce*, the evidence indicated that there were no other attorneys in the county who specialized in the type of litigation at issue and further, that the plaintiff's attorney would not have taken the case without the possibility of a multiplier. *Id.* at 1134. The Court also noted that the testimony established that any search for other counsel would have been futile in that case. *Id.* at 1135. Further, the Court observed that the determination that a contingency fee multiplier was appropriate was supported by competent, substantial evidence. *Id.* at 1135.

---

way; and (3) whether any of the factors in *Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985)* are applicable including the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. *Joyce v. Federated Nat'l Ins. Co.*, 228 So.3d 1122, 1128 (Fla. 2017) (quotation marks omitted).

[6] Plaintiff's contention that the Magistrate Judge erred in finding that there was no evidence that the other lawyers Plaintiff consulted required something more than a contingency fee agreement to take the case, is without merit. (DE 316 at 8). The Magistrate Judge's conclusion hinged on the Plaintiff's failure to provide sufficient evidence that competent counsel was not available in the relevant market without a multiplier, not that Plaintiff failed to establish that counsel had refused to take the case.

Here, as noted by the Magistrate Judge, the Plaintiff failed to provide the requisite competent, substantial evidence that Plaintiff would have had substantial difficulty in obtaining competent counsel in the relevant market without a contingency fee multiplier.[7] Thus, the Magistrate Judge correctly concluded that Plaintiff is not entitled to that fee enhancement.

C. Reasonable Hourly Rates

Finally, Plaintiff objects to the reasonable hourly rates as applied to Susan Odess and Engie Tapia. The Magistrate Judge reduced the rate for Susan Odess, a seven-year associate, from $500.00 to $325.00, and reduced the hourly rate of Engie Tapia, a non-attorney from $165.00 to $75.00. (DE 310 at 9, 11). The Court adopts the Magistrate Judge's well-reasoned analysis and concurs with his conclusions regarding the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. Plaintiff's objection to the reduction in the hourly rates is therefore overruled.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.       The Report and Recommendation (DE 310) is **AFFIRMED, in part, and MODIFIED, in part**, as set forth above.

2.       Plaintiff St. Louis Condominium Associations Inc.'s Motion for Attorney's Fees (DE 285) is **GRANTED, in part**. Plaintiff is awarded a total of $762,541.59 representing

---

[7] The Magistrate Judge was unpersuaded that the other *Quanstrom* factors sufficiently weighed in Plaintiff's favor to merit the application of a contingency fee multiplier. (DE 310 at 19-20). The undersigned agrees and notes that the Plaintiff's failure to establish that it would have substantial difficulty in obtaining competent counsel if there were no contingency fee multiplier, is fatal to its request for a multiplier. *See Sun Bank of Ocala v. Ford*, 564 So.2d 1078, 1079 (Fla. 1990) (stating before adjusting for risk assumption, there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market.).

$744,273.54 of the attorney's fees originally requested for work performed until July 10, 2019, and an additional $18,268.05 for supplemental fees occurred after that time.[8]

**DONE and ORDERED** in Chambers in Miami, Florida, this _____ day of March, 2020.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:     Counsel of record

---

[8] This sum reflects a reduction in the hourly rates of Ms. Odess and Ms. Tapia, as well as the deduction of all of law clerk Deanna Santo's time (2.5 hrs), as recommended in the Report. (DE 310 at 9, 11).